UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOYLE INTERNATIONAL, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-5978** |
| **MICHAEL KEARNEY, ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the undersigned is **Motion to Fix Attorney's Fees Pursuant to June 18, 2014 Court Order (R. Doc. 31)**, filed by the defendant, SCM I Investments ("SCM") in accordance with this Court's granting its *Motion to Compel Initial Disclosures* (R. Doc. 24), as to Franco Development, LLC., which was issued on June 18, 2014. *See* R. Doc. 30. The motion is unopposed. The motion was noticed for submission on July 23, 2014, and heard on the briefs on that date.

### I.     Background

On May 28, 2014, SCM filed a Motion to Compel Initial Disclosures of Franco Development, LLC, seeking an Order from this Court compelling Franco Development to produce its initial disclosures to SCM in accordance with this Court's Scheduling Order, as well as an award for reasonable expenses, including attorney fees. *See* R. Doc. 27. On June 18, 2014, this Court granted the motion to compel as unopposed and ordered SCM to submit a motion to fix attorneys fees into the record. *See* R. Doc. 30.

SMC filed the instant **Motion to Fix Attorney's Fees Pursuant to June 18, 2014 Court Order (R. Doc. 31)** on July 9, 2014, including an affidavit of attorney Edward Wegmann attesting to the background, skills and experience of himself and co-counselors Michael DePetrillo and

Graham Ryan; as well as a billing and expense record of the alleged 11 hours spent on the motion, at rates of $450.00, $275.00 and $245.00 respectfully, totaling $2,816.00. *See* R. Doc. 31-1, p. 3; R. Doc. 31-2. The motion is unopposed.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

## III.    Analysis

---

[1]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

### A. Calculating a Reasonable Hourly Rate

Because Franco Development, LLC., failed to oppose the motion, it thereby makes no challenge to the reasonableness of the hourly rates charged by Wegmann, DePetrillo and Ryan at $450.00, $275.00, and $245.00 respectfully, the Court finds that these hourly rates are reasonable. *La. Power & Light,* 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.,* No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

### B. Determining the Reasonable Hours Expended

In support of its motion, SCM I submits a copy of the billing entries, totaling 11.0 hours, for the motion to compel initial disclosures. *See* R. Doc. 31-3, p. 1-2. There are approximately ten entries: "(a) correspondence to Mr. Gipson. . . (.20 hours), (b) "telephone call to Mr. Gipson. . ." (.30 hours), (c) "drafted and revised various. . ." (3.20 hours), (d) "researched federal rules of civil procedure. . ." (.90 hours), (e) "review and anaylzed case background. . ." (.90 hours), (f) "revised and edited memorandum. . ." (1.40 hours), (g) "drafted notice of submission . . ." (1.80 hours), (h) "compiled and organized . . ." (1.10 hours), (i) "revise and finalize . . ." (.80 hours), (j) "reviewed motion to compel . . ." (.40 hours). *Id.*

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996). Here, the Court finds that the 11 hours spent by DePetrillo, Wegmann and Graham, on preparing the motion for initial disclosures is reasonable, and not subject to reduction. *See e.g.,*

*Cater v. Fidelity Nat'l Ins. Co.,* No. 07-4619, 2009 WL 35342 at *4-5 (E.D. La. Jan. 6, 2009) (the Court found that a total of 8.3 hours spent on a nine page motion to compel initial disclosures was reasonable). As such, the Court finds that SCM I is entitled to recover attorney fees for the 9.3 hours of Graham, at a reasonable rate of $245.00 per hour; the 1.3 hours of DePetrillo, at a reasonable rate of $275.00 per hour; and the .40 hours of Wegmann, at a reasonable rate of $475.00; for a total of 11 hours, totaling an award of $2,816.00.

### 3.     Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). Here, the Court finds that in accordance with the *Johnson* factors, no adjustment of the lodestar is warranted.  Accordingly, SCM I is entitled to attorney's fees of $2,816.00.

## IV.     Conclusion

**IT IS ORDERED** that Defendant, SCM I Investments' **Motion to Fix Attorney's Fees Pursuant to June 18, 2014 Court Order (R. Doc. 31**) is **GRANTED**. The Court finds that a total amount of $2,816.00 in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Franco Development shall satisfy his obligation to SCM I Investments no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 29th day of July 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**