UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DOYLE INTERNATIONAL, INC.                                CIVIL ACTION

v.                                                       NO. 13-5978

SCM I INVESTMENTS, LLC, ET AL.                           SECTION "F"

ORDER AND REASONS

    Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the motion for summary judgment filed by the defendants, noticed for submission on January 14, 2015, has been submitted.

    Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] Plaintiff, Doyle International, Inc., sued the defendants, Michael Kearney, Sarah Kearney, and SCM I Investments, LLC, to recover unpaid franchise fees. The defendants submit that they are entitled to summary judgment dismissing Doyle International's claims with prejudice on the ground that the defendants' rescinded the franchise agreement for fraud and error; alternatively, the defendants urge the Court to recognize the defendants' dissolution of the franchise agreement for non-performance or breach of contract. The plaintiff has failed to submit any evidence or argument opposing the defendants' submission.

    Applying Louisiana law, the defendants submit that the franchise agreement is a nullity because the agreement was properly rescinded for fraud because (1) Doyle International suppressed the truth about the adverse litigation involving Doyle and Doyle Restaurant Group, (2) Doyle International intended to obtain an unjust advantage from this suppression, namely, the ability to

IS ORDERED: that the defendants' motion for summary judgment is hereby GRANTED as unopposed. The plaintiff's claims are dismissed with prejudice.

---

present its principal officer Doyle and its predecessor Doyle Restaurant Group as free from the stigma of millions of dollars in fraud judgments, and (3) the Kearneys and SCM never would have consented to the franchise agreement had they known the truth about Doyle and Doyle International, because their intention was to do business with a viable and reputable franchisor. The defendants invoke the FTC's Franchise Rule, which imposed a duty to disclose, and submit that Doyle International was required to disclose, but failed to disclose, at least nine lawsuits involving Doyle and Doyle Restaurant Group.
       The plaintiff has failed to submit any papers or evidence opposing the defendants' motion for summary judgment. The Court finds that there is no genuine dispute as to any material fact regarding whether the franchise agreement is a nullity and properly rescinded for fraud. <u>See</u> La. Civ. Code art. 2032, 2031, 1948; <u>see also</u> La. Civ. Code art. 1953 and <u>D & J Tire, Inc. v. Hercules Tire & Rubber Co.</u>, 598 F.3d 200, 205 (5th Cir. 2010)(identifying the necessary elements of a Louisiana fraud claim). Accordingly, the Court finds that the defendants are entitled to judgment as a matter of law that the franchise agreement was properly rescinded for fraud. First, as urged by the defendants, the Court takes judicial notice of the nine lawsuits identified in the defendants' summary judgment papers; several lawsuits (indeed, judgments) involve allegations of fraud, others involve allegations of fraud or otherwise concern the franchise relationship. Second, the defendants submit and the record supports a finding that the suppression of Doyle's litigation history was intended to allow Doyle International to lure unsuspecting prospective franchisees into investing money. Third, the defendants submit and the record supports a finding that the defendants would not have consented to the franchise agreement had they known that Doyle had been cast in judgment for fraud. Because each of the elements of fraud are satisfied on this record, the defendants are entitled to a declaration that the franchise agreement and all accessory agreements are null; rescission is an appropriate remedy.
       Because the Court finds that the defendants have established fraud by a preponderance of the evidence, the Court does not reach the defendants' alternative argument that the Kearneys properly rescinded the franchise agreement for error.

New Orleans, Louisiana, January 12, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE